UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.C.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN HIGH SCHOOL DISTRICT, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00436-CDB<br><br>ORDER GRANTING EX PARTE APPLICATION TO APPOINT JEANNINE CAVAZOS AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF M.C.<br><br>(Doc. 3) |

Plaintiff M.C., a minor, by and through her mother and proposed guardian ad litem Jeaninne Cavazos ("Plaintiff"), brings this action for declaratory and injunctive relief and damages against Defendants Kern High School District ("District"), Superintendent of District Dr. Michael Zufla, and Does 1 through 10, inclusive ("Does") (collectively, "Defendants"), to redress systemic civil rights violations concerning disability discrimination and tort claims under state and federal disability rights laws. (Doc. 1).

Pending before the Court is minor Plaintiff M.C.'s application to appoint her mother Jeaninne Cavazos as guardian ad litem, filed on April 14, 2025. (Doc. 3). Although Defendants have not yet appeared in this action, and the time for Defendants to file an opposition or notice of non-opposition in response to the motion has not yet expired, the Court deems the filing of such unnecessary before ruling on the motion.

///

**Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." (*Id*.) The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. (*See id*.) (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. (*Id*.) (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon

> initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);
>
> . . . .
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. Local Rule 202 (citing Fed. R. Civ. P. 17(c)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

Plaintiff's application sets forth that Plaintiff M.C. is a minor child that is currently 14 years old and lives in Bakersfield, California, with her mother and proposed guardian ad litem, Jeaninne Cavazos. (Doc. 3 ¶¶ 1, 3). Petitioner Cavazos represents that she is a responsible and fully competent person to act as M.C.'s guardian ad litem in this matter. (*Id.* ¶ 4). Petitioner Cavazos represents that Plaintiff M.C. has no general guardian and there has been no previous application for appointment of a guardian ad litem in this matter. (*Id.* ¶ 5). Petitioner Cavazos moves for an order appointing her as M.C.'s guardian ad litem for purposes of bringing this action and enforcing her civil rights as set forth in the complaint. (*Id.* ¶ 6). Petitioner Cavazos declares that she has no interest adverse to M.C., and she

consents to serve as M.C.'s guardian ad litem in this matter. (Doc. 3-1, Declaration of Jeannine Cavazos ("Cavazos Decl.") ¶¶ 5-6).

Separately, counsel for Plaintiff Anna Rivera filed a declaration in support of Plaintiff's ex parte petition for appointment of guardian ad litem. (Doc. 3-2, Declaration of Anna Rivera ("Rivera Decl.")). Counsel Rivera declares that she is an attorney duly admitted to practice law before the Court and is a partner with the firm of Barajas and Rivera, APC ("B&R"). (*Id.* ¶ 1). She declares that B&R has represented minor Plaintiff M.C. in the instant matter since June 2024, and the representation was initiated by M.C.'s parents, Petitioner Jeaninne Cavazos and M.C.'s father. (*Id.* ¶ 2). She declares that B&R's representation of M.C. has been entirely on a contingency basis. (*Id.* ¶ 3). Counsel for Plaintiff declares that B&R did not become involved in this matter, either directly or indirectly, through a party against whom the claim is asserted or a party's insurance carrier, and that she and B&R are not represented or employed by any other party or any insurance carrier involved in this matter. (*Id.* ¶ 4). She declares that "[p]ursuant to the terms of the retainer agreement with Petitioner [] Cavazos and M.C.'s father, B&R took this matter on a contingency basis and has not charged Plaintiff for its services" and that "pursuant to the terms of the retainer, Counsel has, and will, advance all costs." (*Id.* ¶ 5).

The Court finds that the standards for the appointment of Petitioner Jeaninne Cavazos have been met and that she is competent and qualified to serve as guardian ad litem for M.C. *See*, *e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-CV-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor Plaintiff's mother as guardian ad litem); E.D. Cal. Local Rule 202(c). Thus, the Court shall authorize the application to appoint Jeaninne Cavazos as guardian ad litem for M.C.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, for good cause shown, it is HEREBY ORDERED that:

1. Plaintiff's ex parte application to appoint Jeaninne Cavazos as guardian ad litem for minor Plaintiff M.C. (Doc. 3) is GRANTED; and

2. Jeaninne Cavazos is appointed to act as guardian ad litem for M.C. and is authorized to prosecute the action on M.C.'s behalf.

IT IS SO ORDERED.

Dated:   **April 16, 2025**                           _____
                                                      UNITED STATES MAGISTRATE JUDGE